IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| DARRYL LEE DAVIS, ) | Civil Action No. 3:08-3839-RBH-JRM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| THE STATE OF SOUTH CAROLINA; THE ) | |
| COUNTY OF GREENVILLE, ) | |
| ) | |
| Respondents. ) | |
| ) | |

This action has been filed by the Petitioner, *pro se*, pursuant to 28 U.S.C. § 2241. Petitioner, who was an inmate in Lincoln, Nebraska at the time this action was filed, alleges that a detainer lodged against him from a warrant issued by Greenville County, South Carolina nine years prior violates his constitutional right to a speedy trial, and that his due process rights have been violated.

The Respondents filed a motion for summary judgment on May 12, 2009, pursuant to Rule 56, Fed.R.Civ.P., asserting that the Petition is without merit and should be dismissed. As the Petitioner is proceeding *pro se*, the Court issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) on May 13, 2009, advising Petitioner of the importance of a motion for summary judgment and of the need for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondents' motion may be granted, thereby ending his case.

However, notwithstanding the specific warning and instructions as set forth in the Court's Roseboro order, the Petitioner failed to respond to the motion. On June 24, 2009, the undersigned issued an order instructing that the Petitioner advise the Court as to whether he wished to continue with this case and to file a response to the Respondents' motion for summary judgment within

fifteen (15) days from the date of that order. Petitioner was further advised that if he failed to respond, this action would be recommended for dismissal with prejudice for failure to prosecute. *See* Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); 41(b) Fed.R.Civ.P. However, Petitioner's copy of the Court's order was returned to the Clerk of Court on July 1, 2009, with the envelope being marked "Return to Sender", with no further explanation posted on the envelope.

The undersigned notes that when Petitioner filed this action, he was specifically instructed as follows:

> You are ordered to always keep the Clerk of Court advised **in writing...**if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to file something you are required to file within a deadline set by a District Judge or a Magistrate Judge, your case may be dismissed for violating this order. Therefore, if you have a change of address before this case has ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address....**Your failure to do so will not be excused by the Court.** (emphasis added)

*See* Order filed January 22, 2009.

Petitioner has failed to comply with this order, and as a result neither the Court nor the Respondents have any means of contacting him concerning his case.

Based on the foregoing, and the previous instructions and specific warning given to the Petitioner in the Court's order of January 22, 2009, it is recommended that this action be **dismissed**, **with prejudice**, in accordance with Rule 41(b), Fed.R.Civ.P. The Clerk is directed to send this Report and Recommendation to Petitioner at his last known address.

**If the Petitioner notifies the Court within the time set forth for filing objections to this Report and Recommendation that he wishes to continue with this case and provides a current address, the Clerk is directed to vacate this Report and Recommendation and return this file to the undersigned for further handling. If, however, no objections are filed, the Clerk shall**

**forward this Report and Recommendation to the District Judge for disposition.**

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

July 6, 2009

**The parties are also referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).